IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH WAYNE MIMS, JR., § | |
| § | |
| Movant, § | |
| § | No. 3:19-cv-00596-M (BT) |
| v. § | No. 3:12-cr-00355-M-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Kenneth Wayne Mims, Jr., a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Mims's § 2255 motion as time barred.

I.

Mims pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 7, 2013, the District Court sentenced him to 120 months' imprisonment. Mims appealed, but his appeal was dismissed because it did not present any nonfrivolous issues for appellate review. He did not file a petition for writ of certiorari in the Supreme Court. Mot. 2 (ECF No. 2).

Mims then filed this § 2255 motion, which was received in the Clerk's Office on March 8, 2019. In his motion, Mims argues: (1) his State of Texas sentence in Case Number 29562-86 should be considered part of his federal sentence; and (2) his attorney provided ineffective assistance of counsel when he failed to alert the Court that there was a probation violation charge pending in Kaufman County in Case Number 29562-86. In its response, the Government argues that Mims's motion should be dismissed as time barred. In addition, his first claim is waived and procedurally defaulted, and in his second claim, he fails to demonstrate that he received ineffective assistance of counsel. Mims filed a reply, and the motion is ripe for determination.

II.

**1. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

>> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). The Fifth Circuit Court of Appeals entered judgment on April 16, 2014. Mims's conviction became final on July 15, 2014, when the time for him to file a petition for writ of certiorari expired. *See* Sup. Ct. R. 13 (a petition for writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment."). Mims then had one year, or until July 15, 2015, to file his § 2255 motion.

Here, Mims' § 2255 motion is signed and dated March 4, 2019.[1] *See* Mot. 12 (ECF No. 2). His motion was filed more than *three years and a half years* after the time to file a timely motion expired. Mims's motion is therefore untimely.

Essentially acknowledging that his motion is untimely, Mims argues that he did not come into federal custody until June 2018. Mot. 11 (ECF No. 2). He further argues that "[n]ormally a Motion pursuant to 28 U.S.C. § 2255 has to be filed within one year of the date the sentence was imposed --if not appealed--or within one year of the time for seeking Certiorari expires[.]" Reply 1 (ECF No. 7).

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

3

However, he contends that "it is required that the Movant be in Federal custody and that did not occur until June 2018." (*Id.*) Mims further contends that the plain language of 28 U.S.C. § 2255(a) cannot be interpreted to suggest that he could have sought relief under § 2255 while he was in state custody. (*Id.* at 1-2.)

When a movant spends time in state custody prior to beginning a federal term of imprisonment, he is not precluded from seeking relief under 28 U.S.C. § 2255 during that time. *See Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971) ("§ 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future."). After all, "[t]here is 'no reason to restrict section 2255 to prisoners actually in federal custody.'" *United States v. Tamfu*, 2002 WL 31452410, at *6 (N.D. Tex. Oct. 5, 2002) (quoting *Simmons*, 437 F.2d at 159). A "movant's prior state custody [therefore] has no effect on the commencement date of the federal statute of limitations." *Id.* at *6, *9 (finding the movant's § 2255 motion was barred by the statute of limitations). Here, Mims argues that the statute of limitations started to run only when he went into federal custody in June 2018. Considering all the authority to the contrary, his argument lacks merit.

**2. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare

and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Mims does not argue that he is entitled to equitable tolling, Likewise, he does not present an argument that could be construed as seeking entitlement to equitable tolling. Mims's motion was not timely filed, and he fails to demonstrate that he is entitled to equitable tolling. Specifically, he has failed to plead any facts showing he was misled by the Government or prevented in some extraordinary way from asserting his rights. Rather, he merely filed his motion three and a half years late. Mims is therefore not entitled to equitable tolling.

Because his claims are clearly time barred, the Court need not reach Mims's other arguments.

### III.

For the foregoing reasons, the Court should DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed March 10, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).